CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
BRIAN J. KIM, ESQ.: STATE BAR NO.: 282538

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California  91403
(818) 205-9955; (818) 205-9944 fax
E-Mail:  cmay@tharpe-howell.com
E-Mail:  bkim@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TONIA NELSON, KRISTOPHER PALLESEN, BRYAN GARCIA and NICKOLAS NELSON,<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:15-cv-0092-KJM-KJN (TEMP)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiffs TONIA NELSON, KRISTOPHER PALLESEN, BRYAN GARCIA and NICKOLAS NELSON (hereinafter referred to collectively as "Plaintiffs") and Defendant, LOWE HOME CENTERS, LLC (hereinafter referred to as "Defendant" or "Lowe's"), jointly submit this Stipulated Protective Order pursuant to United States District Court, Eastern District of California Local Rules 141.1(b)(1) limiting the use and disposition of certain information and documents during litigation of this matter.  The parties agree that discovery in this action may yield documents and information of a sensitive and confidential nature, including but not limited to, Defendant's proprietary policies and procedures, personnel files of present and former employees, incident reports, and other confidential information that may be subject to discovery in the proceedings in this matter but which should not be made

available to the public generally.  As a result, the parties have agreed to this jointly submitted Stipulated Protective Order and request that it be adopted by order of this Court.

**Purpose and Limitation**

As mentioned above, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The disclosure of any of the foregoing categories of information and/or documentation protected by this Order, including confidential business and financial information identified above, will have the effect of causing harm to the competitive and financial position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.  Unprotected disclosure of any of the above identified confidential information may further expose Defendant to unwarranted annoyance, embarrassment, and/or oppression.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles.

The parties having agreed to the following terms governing the treatment of confidential information governing the pre-trial phase of this action as follows:

1.   All documents produced or information disclosed and any other documents or records designated as "CONFIDENTIAL" by the Defendant shall be revealed only to a settlement officer, Plaintiffs, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action.  The information designated as "CONFIDENTIAL" and disclosed only in accord with the terms of

this paragraph may include, without limitation, documents and information containing Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiffs' Interrogatories or Requests for Production. Information and documentation considered "CONFIDENTIAL" are subject to protection under Civil Local Rule 141.1 of the U.S. District Court – Eastern District of California, Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of Federal law.

2. Counsel for Plaintiffs shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiffs' counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiffs, counsel for Plaintiffs shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for Plaintiffs determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this

**STIPULATION AND PROTECTIVE ORDER**

action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

    (a)    Counsel for the Plaintiffs shall have the expert read this Order and shall explain the contents thereof to such expert.

    (b)    Counsel for the Plaintiffs shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiffs' experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5.    The Court's Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

6.    Nothing contained in this Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

Based on the foregoing, Plaintiffs TONIA NELSON, KRISTOPHER PALLESEN, BRYAN GARCIA and NICKOLAS NELSON and Defendant LOWE'S HOME CENTERS, LLC hereby request that this Court issue a protective

///
///
///
///
///
///
///
///

order governing the treatment of confidential information in this matter.

**IT IS SO STIPULATED.**

**APPROVED FOR ENTRY:**

Dated:  July 28, 2015                                      BOSTWICK & PETERSON

By: */s/Erik L. Peterson*
ERIK L. PETERSON
BLAKE BOSTWICK
Attorneys for Plaintiffs,
TONIA NELSON,
KRISTOPHER PALLESEN,
BRYAN GARCIA, and
NICKOLAS NELSON

Dated:  November 12, 2015                            THARPE & HOWELL, LLP

By: */s/Brian J. Kim*
CHARLES D. MAY
GENE B. SHARAGA
BRIAN J. KIM
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  November 23, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/nelson0092.stip.prot.ord.docx